UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| S. L. FAZEKAS[1], | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|   v. | )   Case No. 3:24-cv-79 |
| | ) |
| FRANK J. BISIGNANO[2], | ) |
| Commissioner of Social Security, | ) |
| | ) |
|         Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of a decision of the Commissioner of Social Security, filed by the plaintiff, S. L. Fazekas, on January 1, 2024. For the following reasons, the decision of the Commissioner is **REMANDED**.

*Background*

The plaintiff, S. L. Fazekas ("Fazekas"), filed an application for Supplemental Security Income in May 2021, alleging a disability onset date in June 2015. (Tr. 10). On January 25, 2023, through counsel, Fazekas amended her disability onset date to the filing date of the Title XVI application. [TR. 49-50, 408]. On behalf of the Social Security Administration ("SSA"), the Indiana Disability Determination Bureau ("DDB") denied Fazekas' application initially on August 19, 2021, and again upon reconsideration on January 19, 2022. (Tr. 195-202, 203-211). Fazekas subsequently filed a timely request for a hearing, which was held on August 31, 2022, before Administrative Law Judge (ALJ) Stephanie Katich. (Tr. 182-92). ALJ Katich informed

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.
[2] Frank Bisignano was confirmed as Commissioner on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Fazekas, who was unrepresented, that she had a right to counsel, so the hearing was rescheduled upon request to January 25, 2023. (Tr. 42-73). On May 23, 2023, the ALJ issued a decision finding that Fazekas was not disabled as defined in the Social Security Act. (Tr. 21-41). Vocational Expert Christine Fontaine testified at the hearing. (Tr. 66-70). The Appeals Council denied Fazekas' Request to Review the ALJ decision, making the ALJ's decision the final decision of the Commissioner of Social Security. (Tr. 21-41).

At step one of the five-step sequential analysis for determining whether an individual is disabled, as defined in the Social Security Act, the ALJ found that Fazekas did not have a continuous 12-month period in which she did not engage in substantial gainful activity. (Tr. 26).

At step two, the ALJ determined that Fazekas had the severe impairments of posttraumatic stress disorder ("PTSD"), generalized anxiety disorder, borderline intellectual functioning disorder, neurocognitive disorder, autism spectrum disorder, major depressive disorder, obsessive compulsive disorder, anxiety disorder, unspecified personality disorder, cannabis use disorder, morbid obesity, and low back disorder. (Tr. 26-27). The ALJ also noted that Fazekas had numerous non-severe medically determinable impairments that did not result in work-related limitations. (Tr. 27).

At step three, the ALJ concluded that Fazekas' impairments did not meet or equal any impairment listing, including Listing 12.02 (neurocognitive disorders), 12.04 (depressive, bipolar, and related disorders), 12.08 (personality disorders), 12.10 (autism-spectrum disorders), and 12.15 (trauma and stressor-related disorders). (Tr. 27-30). Under the ALJ's "B criteria" analysis, the ALJ found moderate limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (Tr. 28).

Following step three, the ALJ then assessed Fazekas' residual functional capacity (RFC), holding as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can tolerate no more than moderate levels of noise (as defined in the DOT), and bright outdoor or flashing lights; she can understand, remember, and carry out simple instructions related to concrete and tangible tasks; she can make judgments regarding simple work-related decisions; she can respond appropriately to occasional interactions with coworkers and supervisors; she should avoid work activity requiring interactions with the general public; she can respond appropriately to usual work situations; and she can deal with routine changes in a routine work setting free from fast paced production requirements such as assembly line type work activity, and with no more than occasional changes in terms of work setting, tools, and processes.

(Tr. 30).

At step four, the ALJ found that Fazekas had no past relevant work. (Tr. 25; Tr. 68).

At step five, the ALJ relied on vocational testimony and found that Fazekas could perform four jobs which existed in sufficient numbers in the national economy, including an inspector/hand packager, marker, and housekeeper/cleaner. (Tr. 35). As a result, the ALJ found that Fazekas was not disabled, as defined in the Social Security Act. *Id.*

## Discussion

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."); *Swiecichowski v.*

3

*Dudek*, 113 F.4th 751, 756 (7th Cir. 2025). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). Yet "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ first considers whether the claimant is employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is, the claimant is not disabled, and the evaluation process is over. If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines

whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). That said, if the claimant shows that her impairment is so severe that she cannot engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering her age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek v. Berryhill*, 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Fazekas has requested that the court remand this matter for additional proceedings. In her appeal, she offers four arguments in support of reversing the ALJ's determination of her condition. First, Fazekas contends that the ALJ erred in evaluating her mental impairments and did not create a logical bridge between the evidence and persuasiveness afforded to the state agency psychologists' findings and the mental RFC. [DE 12]. Second, Fazekas argues that the ALJ failed to properly analyze opinion and state administrative findings and picked convenient evidence to support not finding Fazekas disabled. *Id.* Third, Fazekas asserts that the ALJ's failed to properly analyze her impairments under the mental listings. *Id.* And fourth, Fazekas argues

that the ALJ erred in evaluating Fazekas' subjective symptoms.

### 1. Logical Bridge Between State Agency Psychologists' Findings and Decisional Mental RFC

The RFC finding is central to the outcome of a Social Security case. This determination represents the claimant's ability to work in consideration of all of her physical and mental limitations, and as such it plays a key role in the ALJ's determination of whether the claimant is disabled and eligible for benefits, or whether she can hold substantial gainful employment on a regular basis. SSR 96-8p, 1996 WL 374184, at *1; *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013); *see also Yurt v. Colvin,* 758 F.3d 850, 857 (7th Cir. 2014) ("the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical report."). Since the RFC finding must account for all of a claimant's physical and mental limitations, an ALJ's failure to fully consider even non-severe limitations within the RFC finding warrants remand and reversal. *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). This is because an RFC finding which does not account for all of a claimant's limitations is not supported by substantial evidence. *Lothridge v. Saul*, 984 F.3d 1227, 1232-33 (7th Cir. 2021).

This rule mandates that the RFC finding duly account for moderate limitations in concentration, persistence, or pace, a phrase often abbreviated to "CPP" in the Social Security context. *Id.* at 1233. When an ALJ determines that a claimant has moderate CPP difficulties, the ALJ's RFC finding must reflect these difficulties by limiting the claimant to work she can perform in light of her specific CPP impairments. *See, e.g.*, *Martin v. Saul*, 950 F.3d 369, 373-74 (7th Cir. 2020) (affirming an RFC finding which accounted for all of a claimant's specific CPP impairments). The ALJ is free to determine that a claimant's specific CPP impairments do not

warrant extensive limitations in the RFC. *See, e.g.*, *Jozefyk v. Berryhill*, 923 F.3d 492, 497-98 (7th Cir. 2019) (affirming an ALJ's decision not to provide limitations related to claimant's alleged concentration difficulties). Nevertheless, the ALJ must show that she "considered all limitations supported by the record evidence" in making his RFC finding, or else this finding is not supported by substantial evidence. *Id.; see also Lothridge*, 984 F.3d at 1233 ("the residual functional capacity analysis must say enough to enable a review of whether the ALJ considered the totality of a claimant's limitations.").

In evaluating Fazekas' mental impairments, the ALJ concluded that Fazekas' allegations were not fully consistent with the evidence. An ALJ is free to determine that a claimant's alleged impairments are not supported by the medical and nonmedical evidence. 20 C.F.R. § 416.920c(b)(2), (c)(1)-(2) (regulatory factors of supportability and consistency are the most important factors ALJs consider when determining persuasiveness of prior administrative medical findings). The ALJ noted that Fazekas' physical examinations had "unremarkable" results. (Tr. 32). The ALJ also concluded that the claimant's autism spectrum and borderline intellectual functioning disorders "were diagnosed at a single visit and are not substantiated by other evidence in the record." (Tr. 33). Accordingly, the ALJ found that there were no indications of mental health impairments that would limit Fazekas "beyond the performance of light level work" with non-exertional restrictions. *Id.*

Here, Fazekas claims that the ALJ's mental RFC failed to properly explain to the impact of her limitation. Fazekas argues the ALJ did not address to what extent Fazekas' moderate limitation in her ability to perform at a consistent pace without an unreasonable number and length of rest periods due to her psychological symptoms in addition to her moderate limitation in her ability to perform activities within a schedule affected her workplace abilities. (Tr. 28; Tr.

7

33). While addressing Fazekas' CPP limitations, the ALJ noted that anxiety, depression, and PTSD would "likely" affect Fazekas' ability to maintain pace. (Tr. 28 citing Exhibit 13F p. 9). An ALJ must account for documented limitations of concentration, persistence, and pace in questioning the vocational expert. *Winstead v. Berryhill*, 923 F.3d 472, 476-77 (7th Cir. 2019).

The ALJ failed to show that she considered Fazekas' moderate limitations in CPP in making her RFC finding. The ALJ stated she found the State agency psychological consultants' mental assessments "persuasive," and those assessments indicated that Fazekas could not have prolonged interaction with the general public due to her moderate mental limitations. (Tr. 33, citing to Exhibits 1A, 3A). The ALJ found the State agency medical consultants' physical assessments only somewhat persuasive, indicating that medical records generated after these consultants' exam justified a conclusion that Fazekas' impairments were not as limiting as the consultants found. (Tr. 33). The ALJ discredited the opinion of Dr. Geroski, particularly her assessment that Fazekas would require frequent breaks. The ALJ found Dr. Geroski's conclusion that Fazekas' back pain would not limit her ability to work but may necessitate modifications was not a specific statement of functional abilities. (Tr. 34). The ALJ found that statement inconsistent with Fazekas' medical record, focusing on the benign diagnostic and clinical findings and her conservative treatment for physical health impairments from the alleged onset date. *Id.*

Despite finding some State agency findings persuasive, in her RFC finding, the ALJ failed to show that she accounted for these acknowledged difficulties. The State agency determinations cited evidence including Fazekas' somatic symptoms and education plan that described pace symptoms attributable to Fazekas' trauma, anxiety, and personality disorders. (Tr. 409). Without a clear explanation of why she believed no further limitations were necessary to

accommodate Fazekas' problems managing pace, concentration, and stressors, the ALJ merely limited her to "simple work-related decisions;" "occasional interactions with coworkers and supervisors;" "avoiding work activity requiring interactions with the general public;" "usual work situations;" "dealing with routine changes in a routine work setting free from fast paced production requirements such as assembly line type work activity;" "and no more than occasional changes in terms of work setting, tools, and processes." (Tr. 30).

The ALJ analyzed the medical evidence to determine Fazekas' impairments did not meet or medically equal a listing. (Tr. 27-30). The ALJ considered whether Fazekas' impairments, independently or in combination, equaled listings 12.02, 12.04, 12.05, 12.06, 12.08, 12.10, and 12.15. (Tr. 27). The ALJ also considered whether Fazekas satisfied the B criteria under those listings. (Tr. 27). In order to satisfy B criteria, Fazekas' mental impairments must result in one extreme limitation or two marked limitations in one of the four broad areas: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App. 1 Section 12.00(A)(2)(b). The ALJ found that Fazekas had no more than moderate limitation in all four areas of functioning. (Tr. 28).

The ALJ did not properly explain how limiting Fazekas to unskilled work would accommodate all of Fazekas impairments and restrictions in accordance with SSR 96-8p, despite noting the persuasiveness of State agency determinations that Fazekas was limited in CPP. (Tr. 33). An ALJ decision that fails to comply with SSR 96-8p's requirements can only be affirmed if the ALJ built "an accurate and logical bridge from the evidence to [the] conclusion." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022). The ALJ posed a hypothetical question to the vocational concerning the impact of missing more than six days of work per year.

9

(Tr. 70). However, the ALJ failed to account for that hypothetical in the RFC. *Hampton-Lewis v. Berryhill*, 2018 WL 6242463 at *7 (N.D. Ind. Nov. 29, 2018) (case remanded where ALJ did not discuss a limitation posed to the vocational expert that would preclude employment).

      The Seventh Circuit repeatedly has held that an ALJ does not sufficiently account for a claimant's problems with concentration by limiting her to performing simple, repetitive tasks. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010). This is because, where a claimant struggles to stay focused, "observing that [she] can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019); *see also Martin*, 950 F.3d at 373-74 ("someone with problems concentrating may not be able to complete a task consistently over the course of a workday, no matter how simple it may be."). The next limitations, finding Fazekas capable of occasional interactions but not with the general public, do not show that the ALJ accounted for Fazekas' difficulty engaging in social interactions or her autism spectrum disorder, as it is not evident how or why limiting Fazekas to some social interaction would accommodate these impairments or Fazekas' limitations in CPP. *Yurt*, 758 F.3d at 858-59 ("confining the claimant to simple, routine tasks and limited interactions with others" does not account for moderate difficulty in CPP).

      In *Keck v. O'Malley*, the Seventh Circuit reversed the denial of a claimant's application for disability benefits because the RFC did not properly account for moderate CPP limitations that the ALJ found persuasive from State agency reports. *Keck v. O'Malley*, 2024 WL 3935441 at *3 (7th Cir. 2024). In *Keck*, the ALJ did not account to claimant's limitations in duration of concentration or work ability. *Id.* Here, the ALJ noted State agency determinations that were persuasive, but she did not note any durational consideration, especially after posing the

hypothetical question to the vocational expert. (Tr. 70).

Because the ALJ's RFC finding failed to show due consideration of Fazekas' moderate difficulties in CPP, the decision is not supported by substantial evidence, and it must be reversed and remanded for consideration of whether Fazekas' concentration difficulties warrant further work limitations. Because remand is warranted on these grounds, the court need not address Fazekas' remaining arguments. The ALJ will be able to address these arguments on remand.

## *Conclusion*

For the foregoing reasons, the decision of the Commissioner is **REMANDED**.

ENTERED this 18th day of November, 2025.

/s/ Andrew P. Rodovich  
United States Magistrate Judge

11